CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Zarian,** | **Case No.** 8:19-CV-01396-JLS-JDE |
| Plaintiff, | |
| v. | **Plaintiff's Case Statement** |
| **SK Magnolia Holdings Group LLC**, a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed September 16, 2019, the plaintiff submits his Plaintiff's Case Statement.

**A.   Itemized List**

The specific condition at the site that forms the basis of this lawsuit is the lack of accessible parking space at the Z Alignment & Tire Center ("Tire Shop) located in Reseda, California.

1. Lack of Accessible Parking Space:



- ❖ When a business provides parking, it must provide accessible parking.
- ❖ Here, no such accessible parking has been provided.
- ❖ The included photo of the Facility depicts the above violation.

*Note*: As stated in the Complaint, given the obvious and blatant violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site

inspection. See *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this holistic remediation.

### B.   Amount of Damages

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment.  Cal. Civ. Code § 52(a); 54.3(a).  "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover."  Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000).  The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act (Cal. Civ. § 54.3(a)).

The Unruh Civil Rights Acts provides for minimum statutory penalties of $4,000 plus actual damages for each offense against each responsible entity, as well as $4,000 as he has been deterred from returning.

### C.   Demand for Settlement of Case

First, to provide for accessible parking space at the Tire Shop.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can

make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

Lastly, to settle this matter globally at mediation, that Defendants pay $8,000 in statutory penalties and submit to the court as to reasonable attorney's fees and costs as provided by both the ADA and Unruh.

Dated: September 30, 2019          CENTER FOR DISABILITY ACCESS

By: */s/ Dennis Price*
Dennis Price, Esq.
Attorney for Plaintiff